IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILLNERD, an individual, | |
| Plaintiff, | Case No.  CV 09-500-S-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| SYBASE, INC., a Delaware corporation, | |
| Defendant. | |

Before the Court is Plaintiff's Motion (Docket No. 19) for Leave to File an Amended Complaint.[1]  The matter is fully briefed, and at issue.  The Court finds that oral argument will not significantly assist the decisional process, and will thus consider the motion without a hearing.  For the following reasons, the Court will grant the motion.

## BACKGROUND

Plaintiff filed this employment discrimination action on October 2, 2009. Following a telephone scheduling conference, the Court entered an order outlining case management deadlines to which the parties agreed.  *Case Management Order* (Docket No. 15).   On April 26, 2010 – the deadline for a motion to amend

---

[1]In his Reply, Plaintiff withdraws the request to file a Second Amended Complaint. *Reply* (Docket no. 24) at 2.

**Memorandum Decision & Order - 1**

pleadings – Plaintiff filed a motion to amend the complaint, now at issue.

## DISCUSSION

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *See AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946 (9th Cir. 2006).  The Court has discretion in deciding whether to grant leave to amend, which it shall determine "by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin,* 600 F.3d 1191, 1200 (9th Cir. 2010)(citations omitted). Generally, this determination should be made "with all inferences in favor of granting the motion." *William O. Gilley Enterprises, Inc. v. Atlantic Richfield Co.,* 588 F.3d 659, 669 n. 8 (9th Cir. 2009)(citation omitted).  The party opposing amendment bears the burden of showing the motion to amend should be denied. *Stuart v. Radioshack Corp.,* 2009 WL 281941 at *3 (N.D. Cal. 2009), *citing Jones v. Bates,* 127 F.3d 839, 847 n. 8 (9th Cir. 1997).  Defendant here argues that the motion should be denied because all four factors supporting denial are present. The Court disagrees.

For the first three factors, the Court need only look to the agreed Case Management Order entered following a telephone scheduling conference attended by both parties.  Plaintiff filed his motion to amend the pleadings by the agreed

deadline of April 26, 2010.  Defendant may now regret having agreed to this deadline.  But where Plaintiff has adhered to the deadline, the Court will not find that Plaintiff has delayed filing his motion in bad faith.  The Court finds that the second factor is not satisfied.

Regarding the first and third factors, Defendant argues that it is prejudiced because an amended complaint would unduly delay litigation.  Again, the Court finds that Defendant's failure to anticipate the repercussions of an agreed deadline will not preclude a motion that complies with the deadline.  A timely-filed motion is not unduly delayed.

The final factor is futility.  A court does not abuse its discretion where it denies as futile, a motion to amend a complaint in which the complaint offers no new set of facts or legal theory, or fails to state a cognizable claim.  *Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009).  Plaintiff's proposed amended complaint includes new claims for declaratory relief, and for defamation.  According to Defendant, Plaintiff cannot prove the required elements for either cause of action, therefore the motion to amend complaint should be denied as futile.

In order to assert a claim for declaratory relief, Plaintiff must allege facts demonstrating an actual controversy.  28 U.S.C. § 2201.  Plaintiff's proposed

**Memorandum Decision & Order - 3**

amended complaint seeks declaratory relief on his retaliation claim – that he engaged in a protected activity.  The proposed amended complaint offers new allegations that describe in greater detail, Plaintiff's participation in Defendant's internal investigations.  *Reply* (Docket No. 24) at 4.  Plaintiff asserts that there is a real and substantial controversy regarding whether Plaintiff's participation in Defendant's internal investigations was protected activity under 42 U.S.C. § 2000e-3(a).  *See Reply* (Docket No. 24) at 3-4.  Plaintiff aptly cites to Defendant's Answer (Docket No. 9) which denies that Plaintiff's participation in the investigations was protected under Title VII.  The Court finds there is an actual controversy regarding whether Plaintiff engaged in protected activity.

Defendant also contends that Plaintiff has not asserted federal subject matter jurisdiction.  Plaintiff asserts federal subject matter jurisdiction in the third paragraph of the amended complaint.  *See Proposed Amended Complaint* (Docket No. 19-4) at 2.  Defendant has not shown that Plaintiff's claim for declaratory relief is futile.  Accordingly, the Court finds that the motion to amend with respect to this claim is appropriate and will be granted.

In order to prove a defamation action, a plaintiff must establish that the defendant "(1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged

**Memorandum Decision & Order - 4**

because of the communication." *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007). Defendant asserts that Plaintiff has failed to established the first two elements of his defamation claim, which address issues of fact. As noted above, in examining whether a motion to amend would be futile, the Court does not employ a Rule 12(b)(6) analysis, but considers whether amended claims are cognizable. *Gardner*, 563 F.3d at 992.

Defendant argues that Defendant is protected from liability for defamation by a "conditional privilege" because the alleged defamatory material was published to those sharing a common business interest. *Response* (Docket No. 21) at 11, *citing Barlow v. Int'l Harvester Co.*, 522 P.2d 1102, 1112-13 (Idaho 1974). As the parties apparently agree, the names of the third parties to whom the alleged defamatory statements were made have yet to be discovered. Accordingly, the existence of a conditional privilege is indeterminable at this time. Defendant has not established that a conditional privilege would render the proposed defamation claim futile.

Defendant further contends that the alleged defamatory statements were statements of opinion, not fact, therefore they are not actionable. *Response* (Docket No. 21) at 12. Statements of opinion are not assertions of objective fact, and are protected under the First Amendment. *Lieberman v. Fieger*, 338 F.3d

**Memorandum Decision & Order - 5**

1076, 1081 (9th Cir 2003); *Wiemer v. Rankin*, 790 P.2d 347, 352-53 (Idaho 1990)(citations omitted).  As noted by Defendant, Plaintiff has not clearly indicated the precise statements that he alleges are defamatory.  As such, it is difficult to discern whether the statements are opinion or fact.  If, as argued by Defendant, the statements are opinion, then they are protected under the First Amendment; in such case, permitting the complaint to be amended to add the defamation claim would be futile.

In the proposed amended complaint, Plaintiff asserts that Defendant "impugn[ed] his reputation and fitness to conduct his business as a high level manager" by stating that Plaintiff was terminated from employment for serious concerns regarding Plaintiff's ethics, integrity, reliability, and judgment.[2]  *Reply* (Docket No. 24) at 6.  Absent further specificity as to what the alleged defamatory statements are, the Court is unable to determine whether such claim would be futile.  The Court finds that Plaintiff has raised new facts – namely that the defamation is on-going – and that, at this stage, the claim of defamation is cognizable.  Accordingly, the Court will grant the motion to amend the complaint to include the defamation claim, but will permit Defendant to renew these

---

[2]Plaintiff alleges that Defendant's statements amount to defamation per se, because they "impugn[] Plaintiff's ability to engage in his profession."  *Reply* (Docket No. 24) at 6, *citing Pottenger v. Potlatch Corp.*, 329 F.3d 740, 750 (9th Cir. 2003); Restatement (2d) of Torts § 573 (2010).

**Memorandum Decision & Order - 6**

arguments in a subsequent motion to dismiss or a motion for summary judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion (Docket No. 19) for Leave to Amend its Complaint shall be, and the same is hereby, GRANTED.

DATED:  **June 29, 2010**

Honorable B. Lynn Winmill
Chief U.S. District Judge

**Memorandum Decision & Order - 7**