UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILLNERD, an individual,<br><br>                              Plaintiff,<br><br>          v.<br><br>SYBASE, INC., a Delaware corporation,<br><br>                              Defendant. | Case No. 1:09-cv-00500-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Defendant's Motion to Dismiss Plaintiff's Defamation Claim (Dkt. 27), and Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 40). In its reply, Defendant also included a request to strike parts of Plaintiff's opposition brief, to which Plaintiff responded. *See Sybase Reply*, Dkt. 43 at 10-11; *Willnerd Resp. to Mot. To Strike*, Dkt. 48. The Court has considered the record and pleadings of the parties. For the following reasons the Court will grant Defendant's Motion to Dismiss Plaintiff's Defamation Claim, with leave to amend, and deny Plaintiff's Motion for Leave to Amend the Complaint as to claims regarding an implied-in-fact contract.

## BACKGROUND

Plaintiff Mark Willnerd was employed by Defendant Sybase until his termination on or around July 18, 2008. In his initial and first amended complaints, Willnerd asserts

**MEMORANDUM DECISION AND ORDER - 1**

that he was wrongfully discharged in retaliation for his participation in the investigation of an incident involving Willnerd. In that incident, Willnerd unbuckled his belt and held out the waistband of his pants in the presence of Karen Chapin, the human resources manager for Sybase's Boise office, to show that he had lost weight. *First Am. Compl.*, Dkt. 26, ¶ 7. Sybase initiated its investigation of the incident in May of 2008, and advised Willnerd that the incident could be perceived as sexual harassment. *Id.*, ¶ 8. According to Willnerd, as a result of his participation in the investigation, Sybase employees subjected him to retaliation, in the form of a hostile work environment.

In his complaint, Willnerd also contends that Sybase is in breach of his education assistance agreement with Sybase. Further, Willnerd alleges that he was – and continues to be – subjected to actionable defamatory statements made by Sybase. Sybase here moves to dismiss Willnerd's defamation claim on ground that it fails to state a claim upon which relief can be granted under the heightened *Twombly* and *Iqbal* pleading standards.

Willnerd requested leave to file his first amended complaint, opposed by Sybase, just prior to the deadline for amending his complaint. The Court granted the motion on June 29, 2010. On August 26, 2010, Willnerd requested leave to file a second amended complaint, now before the Court, and which Sybase also opposes. According to Willnerd, this second motion to amend is based on evidence of an implied-in-fact contract, revealed through depositions of Sybase witnesses conducted at the end of June 2010. Willnerd seeks to add claims for breach of the implied-in-fact contract, and violation of the

covenant of good faith and fair dealing with respect to the implied-in-fact-contract.

## ANALYSIS

### 1. Standard Of Law For 12(b)(6) Motions

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a claim attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

1202, 1205 (9th Cir. 2007) (citations omitted).

**2.      Defamation Claim In Willnerd's First Amended Complaint Fails To State A Claim On Which Relief Can Be Granted**

In order to prove a defamation action, a plaintiff must establish that the defendant "(1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication." *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007). Defendant Sybase here asserts that Willnerd has not pleaded sufficient facts to support the requisite elements for a defamation claim.

In the first amended complaint, Willnerd identifies the communicator of defamatory information only as "Defendant." *First Am. Compl.*, Dkt. 26, ¶¶ 68-75. Willnerd describes the defamatory information as "statements about Plaintiff of a defamatory nature impugning Plaintiff's ability to engage in his profession." *Id.*, ¶ 69. Willnerd further claims that the statements were false, that Sybase knew they were false, and that Willnerd has suffered damages as a result of the statements. *Id.*, ¶¶ 72-75. Willnerd identifies the recipients of the defamatory information as "third parties," and references – vaguely – harm to his reputation with former colleagues and in the "general business community." *Id.*, ¶¶ 70-71, 74.

On their face, these allegations exemplify the labels, conclusions, and formulaic recitation of the elements of a cause of action that are expressly forbidden in *Twombly* and *Iqbal*. Willnerd's allegations fail to provide adequate and meaningful notice to

Sybase of what the claims are, or the grounds on which the claims rest. They are, in short, legal conclusions. Accordingly, dismissal under Rule 12(b)(6) is appropriate. The question is whether Willnerd should be permitted leave to amend his complaint and include allegations needed to support his defamation claim. The Court will address this issue in its analysis of Willnerd's motion to amend.

### 3.      Standard Of Law For Motion To Amend

The Court has discretion in deciding whether to grant leave to amend, on consideration of "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citations omitted). Generally, this determination should be made "with all inferences in favor of granting the motion." *William O. Gilley Enterprises, Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 669 n. 8 (9th Cir. 2009) (citation omitted). However, the Ninth Circuit has recognized the district court's interest in the efficient management of its docket and avoidance of unwarranted delays. *See World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Where the motion is filed after the court's case management deadline to amend, as in this case, the court applies Federal Rule of Civil Procedure 16(b), rather than the less restrictive 15(a). *Johnson*, 975 F.2d 604. Under Rule 16(b), the plaintiff must also demonstrate good cause to amend. *Id.* at 609 The court's inquiry into "good cause" considers the moving party's diligence in seeking the amendment. *Id.*

**4.     Leave To Amend Willnerd's Defamation Claim Is Appropriate**

In opposing Willnerd's motion to amend, Sybase argues the presence of undue delay, futility, and lack of good cause.  Sybase also points to Willnerd's prior request to amend.  Where the plaintiff has previously amended his complaint, as here, the district court has broader discretion to deny leave.  *World Wide Rush*, 606 F.3d at 690.  The Ninth Circuit has approved of a district court's discretion to deny leave to amend where a plaintiff was already granted such leave several months after the deadline and over a year into litigation, and where plaintiff was apparently aware of the possibility of the claim at issue.  *Id.*

In comparison to the plaintiff in *World Wide Rush*, Willnerd has not been similarly dilatory here.   It appears that he pursued and was granted leave to file his first amended complaint on the deadline.  Also, it does not appear that Willnerd knew of the facts supporting his defamation claim but has simply failed to assert them.  To the contrary, the record supports that Willnerd has, and continues to be, in pursuit of evidence concerning his defamation claim through discovery.  The issue is whether, if permitted to amend, Willnerd would be able to assert allegations necessary to support his defamation claim.

**A.     *Recent And Ongoing Discovery May Have Revealed Facts Necessary For Defamation Claim***

Leave to amend is unnecessary where amendment would be futile.  *Gardner, et al. v. Martino, et al.*, 563 F.3d 981, 990 (9th Cir. 2009).  As discussed above, Willnerd's defamation claim requires the addition of many key allegations in order for Willnerd to

state a claim on which relief can be granted. In his first amended complaint, Willnerd does not sufficiently identify Sybase as the publisher of the alleged defamation, nor does he specify the substance of the defamation or the identity of the 'others' receiving the defamatory information.

Willnerd provides that, if leave to amend is granted, his second amended complaint would identify Karen Chapin, Sybase's director of human resources, among others, as a publisher of defamatory information. *Willnerd Opp'n*, Dkt. 37 at 5. Willnerd further indicates his intention to allege that Stefanie Thiel – a Sybase human resources manager, and Brad Schmidt – a Sybase project engineer, discussed the fact of Willnerd's termination, and thereby disclosed false information regarding Willnerd's termination to non-management, non-human resources employees of Sybase. *Id.*[2]

Willnerd states that he expects to learn additional facts for an amended defamation claim through outstanding discovery. The Court is aware that the parties have been engaged in numerous discovery disputes that have slowed the litigation. The Court is also aware that many depositions have been scheduled and/or occurred as the parties have simultaneously attempted to resolve discovery disputes with some assistance from the Court. Based on the information in the record, and the Court's understanding of the parties' efforts to resolve discovery disputes through the Court's prescribed process, the

---

[2]Also in his response brief, Willnerd identifies a company-wide e-mail that purportedly defamed Willnerd. However, since Willnerd's response brief was filed, he has withdrawn that portion of his defamation claim. *See Keller Aff.*, *Ex. B*, Dkt. 44 at 8.

**MEMORANDUM DECISION AND ORDER - 8**

Court finds that the parties have proceeded diligently and will assume that they have acted in good faith. Given the circumstances, some flexibility in extending its case management schedule – although in limited fashion – is warranted. The Court finds that additional allegations necessary for Willnerd's defamation claim may be learned through recently completed, or soon to be completed discovery.

### B. *Proposed Allegations Need Not Be Authenticated*

In its reply brief, Sybase moved to strike factual assertions in Willnerd's response brief, as not properly authenticated by affidavit. *Sybase Reply*, Dkt. 43 at 10. The Court notes that the assertions at issue are allegations, based on information discovered since the filing of the first amended complaint, that would be included in an amended complaint if Willnerd's motion to amend is granted. The proposed allegations are not offered or considered as facts in substantive support of Willnerd's motion to amend. Instead, the Court views the allegations as necessary to permit it to determine whether further amendment would be futile; in such analysis, the Court assumes the facts as alleged to be true.

### C. *Evidence Of Malice May Defeat Common Interest Privilege*

Willnerd contends, in his first amended complaint and pleadings, that the persons to whom the alleged defamation was communicated were – or at least included – Sybase employees. Sybase argues that, if the alleged receivers of information are Sybase employees, then Sybase is protected from liability by a common interest privilege. In

Idaho, where an alleged defamatory statement is made to one sharing a common interest with the publisher of the statement, the publisher is protected from liability by a conditional privilege. *Barlow v. Int'l Harvester Co.*, 522 P.2d 1102, 1112-13 (Idaho 1974). The privilege may be lost where the defamatory material is published with express malice. *Id.* at 1113.

Express malice is the "publication of defamatory matter in bad faith, without belief in the truth of the matter published, or with reckless disregard of the truth or falsity of the matter." *Id.* (other citations omitted). Whether a given set of facts constitutes a "privileged occasion" – in other words, whether the circumstances support application of the common interest privilege – is a matter of law for the court to determine. *Id.*, *citing* Restatement (First) of Torts, §§ 593 et seq. (1938) (other citations omitted). Whether the privilege is lost because the publication was rendered with express malice is a question of fact for a jury. *Id.*

The sharing of a common interest can be the existence of a business relationship. *Id.* at 1113. If Willnerd alleges that Chapin published information to fellow Sybase employees, a common interest privilege would apply by virtue of the employment relationship between publisher and receiver of the information. However, such privilege could be lost if Willnerd can, faithful to counsel's Rule 11 obligations, allege that Chapin published the information with malice – or in reckless disregard of the truth or falsity of the information. Whether those accused of defamation acted with malice, so as to nullify

the common interest privilege would be a question for a jury to determine. *Id.*

**D.** **Liability For Defamation May Attach For Statements Of Opinion If Coupled With False Implication Of Privileged Facts**

In its motion to dismiss, Sybase also argues that the defamatory statements alleged by Willnerd are not actionable because they are statements of opinion. Willnerd's first amended complaint (Dkt. 26) is vague at best in describing the alleged defamatory statements. However, in his response brief, Willnerd points to Sybase's reasons for his discharge – "serious concerns about Plaintiff's 'integrity' and 'reliability' . . . 'serious lack of judgment' . . . [questionable] ethics and integrity." *Willnerd Opp'n*, Dkt. 37 at 6. According to Willnerd, the stated bases for his discharge "impugned his ability to engage in his profession." *Id.*

A writer cannot be sued for expressing his opinion of a person, no matter how unreasonable the opinion. *Weimer v. Rankin*, 790 P.2d 347, 352 (Idaho 1990), *citing Hotchner v. Castillo-Puche*, 551 F.2d 910, 913 (2nd Cir. 1977) (other citations omitted). However, "when a negative characterization of a person is coupled with a clear but false implication that the author is privy to facts about the person that are unknown to the general reader," then liability may attach. *Id.*

Here, an assertion that Sybase supervisors or human resources managers believed that Willnerd lacked integrity or good judgment implies a basis for their belief. Arguably, the statements imply that the author or speaker is privy to facts that are unknown to those receiving the information, depending on the circumstances of the communication.

**MEMORANDUM DECISION AND ORDER - 11**

Based on the foregoing analysis, the Court finds that amendment would not be futile. Because the record also supports findings of good cause and no undue delay, the Court will grant Willnerd's motion to amend his defamation claim.

**5.      Motion to Amend Concerning An Implied-In-Fact Contract Is Unduly Delayed, And Amendment Would Be Prejudicial To Sybase**

In order to assert breach of an implied-in-fact contract, a plaintiff must demonstrate that both parties to the contract are aware of the contract's existence. *Edmondson v. Shearer Lumber Products*, 75 P.3d 733, 740 (Idaho 2003). According to Willnerd, he and his supervisor, Terry Stepien, agreed to change the terms of his employment contract so that he would not be terminated unless he engaged in illegal activity. *Willnerd Dep.*, 31:11-34; 24, Dkt. 46-2. Willnerd testified in his deposition that this conversation with Stepien took place sometime prior to May 15, 2007 – when Willnerd signed his Education Assistance Agreement with Sybase. *Id.*

In his motion to amend, Willnerd contends that he did not know until after the June 2010 depositions of Chapin, Theil, and Baum, that Sybase Human Resources was aware of Willnerd's implied-in-fact contract. *Willnerd Br.*, Dkt. 41 at 3. Willnerd argues that "he needed objective proof that Sybase also intended the employment relationship to be . . . modified" before he could pursue his claim for breach of the implied-in-fact contract. *Id.* at 10.

Willnerd offers a timeline of events to show good cause for his delay in adding his implied-in-fact contract claims. From that timeline, it appears that Willnerd was diligent

**MEMORANDUM DECISION AND ORDER - 12**

in efforts to schedule the depositions of Chapin, Theil, and Baum in April 2010, but was thwarted by discovery disputes of which the Court is aware, which caused them to be postponed until June 2010. The Court does not find, however, that Willnerd's diligence in scheduling these depositions adds up to an adequate justification for his delay in pursuing these claims. The Court finds it as likely – if not more – that the June 2010 depositions, simply provided late inspiration of previously unconsidered theories of the case.

If, as implied in his brief, Willnerd had intended to raise these claims from the beginning, he could have asserted in his initial complaint, that his supervisor, Terry Stepien, agreed in May of 2007 to terms giving rise to Willnerd's claim of an implied-in-fact contract. However, neither the initial complaint nor the first amended complaint make mention of the May 2007 discussions. By comparison, Willnerd's defamation claim, although failing to identify critical facts such as the substance of defamatory statements and to whom the statements were made, at least provided Sybase with general notice of the claim. Addition of Willnerd's implied-in-fact contract would require Sybase to investigate a new theory of the case, now barely two weeks from the discovery cut-off.

Willnerd's request to amend – his second in this case – was made four months beyond the agreed deadline to amend, and well into the discovery process. Also, Willnerd did not file his motion to amend until August 26, 2010, roughly two months

after the June 2010 depositions at which the necessary information was supposedly revealed. Willnerd fails to address this delay to the satisfaction of the Court.

Given the facts in the record before it, the Court finds that Willnerd's motion to amend was unduly delayed, and without good cause. The Court also finds that Sybase would be prejudiced if forced to respond to the new claims. Willnerd suggests there may be efficiency gained by permitting a new claim that plaintiff could otherwise raise in a new and separate lawsuit. *Willnerd Br.*, Dkt. 41 at 11. However, the Court finds that the efficiency gained by avoiding the mere possibility of a second consolidated case is outweighed by the certainty of prejudice to Sybase in delaying timely resolution of the case now before it.

### 6. Amendments To Add Implied-In-Fact Contract Claims Would Be Futile

Even if Willnerd's second motion to amend had been timely filed, Sybase argues that the undisputed facts demonstrate there is no implied-in-fact contract, thus amendment of the complaint to add claims concerning such contract would be futile. The Court agrees. The Idaho Supreme Court has held that oral statements cannot transform an employee's at-will status into an implied contract. *Randall v. Boise Cascade*, 931 P.2d 621, 623-24 (Idaho 1996). In that case, the employer's policy explicitly provided that the only person with authority to enter into any employment contract contrary to the employer's at-will policy was the vice president of the company. *Id.* at 624. Here, Sybase had a similar policy which provided that employees' at-will status could be

changed "only in a written agreement signed by an individual employee and Sybase's

Chairman, CEO and President." *Keller Aff., Ex. C*, Dkt. 46-6 at 2.

In his deposition, Willnerd acknowledged signing his Education Assistance

Agreement after his conversation with Stepien – when the implied-in-fact contract was

allegedly created. *See Keller Aff., Ex. D*, Dkt. 46-7 at 2. That agreement, containing

Willnerd's signature and dated May 15, 2007, includes the agreement that the signing

party "acknowledges that nothing in this agreement alters [the e]mployee's "at-will"

employment status with Sybase." *Id.*

Willnerd argues that he was not aware of Sybase's at-will policy until the day

before his deposition in this matter. *Willnerd Reply*, Dkt. 56 at 4. According to Willnerd,

it was Sybase's termination of employment policy, and not an at-will policy, that

governed his employment relationship with Sybase. *Id.* at 4-5. However, the introductory

section of Sybase's termination of employment policy provides that it is guided in part by

the principle of "employment at will." *Banducci Aff., Ex. E*, Dkt. 56-2 at 52. So, although

Willnerd attests that he was unaware of Sybase's at-will policy, the record demonstrates

that such policy was an integral part of Sybase's human resources policies and

procedures. *Id.* The Court notes that the final section of Sybase's termination policy

states that exceptions to the policy require approval by the Vice President of Worldwide

Human Resources. *Id.* at 54.

Based on the evidence before it, the Court finds that the undisputed record before

the Court cannot support a claim that Willnerd had an implied-in-fact contract with Sybase. The documents which Willnerd agrees governed his employment – the Education Assistance Agreement signed by Willnerd, the employment policy referenced therein, and the human resources policies and procedures regarding termination – uniformly indicate that Willnerd's employment status at Sybase was at-will. Although exceptions and modifications to the at-will arrangement were possible under Sybase's policies and procedures, the requisite steps for an exception or modification did not occur. Willnerd does not argue otherwise. The verbal assurance from Willnerd's supervisor that Willnerd would not be terminated unless he committed an illegal act was insufficient, under Sybase policies and procedures, to alter his at-will employment status. Because Willnerd cannot establish an implied-in-fact contract, amendment to add claims concerning such contract would be futile.

## CONCLUSION

For the foregoing reasons, the Court finds that Willnerd's defamation claim, on its face, is insufficient to state a claim on which relief can be granted. However, the Court finds good cause to grant Willnerd leave to amend the defamation claim, and that such amendment would not be futile. Accordingly, the Court will grant Sybase's motion to dismiss the defamation claim, but will grant Willnerd leave to amend.

Regarding Willnerd's motion to amend the complaint to add claims regarding an implied-in-fact contract, the Court finds that such motion was unduly delayed. Allowing

Willnerd to amend at this time would be prejudicial to Sybase. Even if the motion were timely, the Court finds that amendment would be futile, as the evidence cannot support the existence of an implied-in-fact contract. Accordingly, the Court will deny Willnerd's motion to amend.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Plaintiff's Defamation Claim (Dkt. 27) is **GRANTED** with leave to amend.

2. Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 40) is **GRANTED** as to Plaintiff's defamation claim, and **DENIED** as to Plaintiff's claims regarding an implied-in-fact contract.

3. The Motion to Strike in Defendant's Reply Brief (Dkt. 43) is **DENIED.**

DATED: **October 26, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge