UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILLNERD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SYBASE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:09-cv-500-BLW<br><br>**ORDER ON DISCOVERY ISSUES** |

Before the Court are a number of discovery disputes between the parties in this

matter (*See Statements*, Dkts. 66, 68, 70). The Court conducted informal discovery

conferences on October 11, 14, and 15, 2010, in attempts to resolve the disputes. The

parties reached tentative agreement on a number of issues, to be memorialized in a

stipulation that will be filed by the parties. With respect to the three unresolved issues,

the Court requested, and the parties agreed to simultaneously submit, 10 page position

statements. Two additional issues were raised in Willnerd's statement, for which the

Court requested, and Sybase provided, a supplemental response. Having reviewed the

record and the parties' discovery statements, the Court now issues the following order.

## DISCUSSION

The five issues now briefed and before the Court are as follows: (1) the scope of

Willnerd's 30(b)(6) designations; (2) documents to be produced relative to Willnerd's

30(b)(6) deposition; (3) production of 360 reviews of Sybase employees; (4) Willnerd's responses to questions concerning personal expenses made on his Sybase credit card; and (5) documents to be produced regarding compensation paid to Sybase employees by SAP, a company that recently merged with Sybase.

**1.      Scope of 30(b)(6) Designation Topics**

**A.      General Immigration Policies, and Sybase Employees Disciplined For Failure to Comply**

Sybase indicated its designee will be able to testify about all of Sybase's immigration policies.  The designee will also be able to identify Sybase employees disciplined in the last 5 years for failure to comply with Sybase's immigration policies and U.S. immigration law.  Willnerd  requests no time limitation on this topic, and asks that it include any disciplinary measures taken against those employees for their failure to comply with Sybase immigration policies and U.S. immigration law.

The Court is persuaded that the time limitation proposed by Sybase is appropriate. The probative value of records more than 5 years old on this subject is outweighed by the time and expense required for Sybase to produce the records.  The Court will require Sybase to prepare its designee concerning Sybase's immigration policies, and the identities of employees disciplined in the last 5 years for failure to comply with Sybase's immigration policies or U.S. immigration law, as well as the disciplinary measures taken against those employees, if any.

**B.      Accountability Practices of Sybase Managers**

Sybase indicated it will designate a witness to testify regarding Sybase's policies and practices from 2007 to present – as applied by or to managers whose rank is above Willnerd's, similarly situated to Willnerd, and one rank below – for ensuring that Sybase follows its immigration policies and U.S. immigration law concerning foreign nationals in the U.S. on Sybase-related business. Willnerd asks that this topic cover those managers two ranks below Willnerd, and include practices with respect to foreign nationals entering the U.S. on non-immigrant visas for temporary employment.

The Court adopts the wording proposed by Sybase, but with the somewhat broader scope identified by Willnerd. The Sybase designee shall be prepared to testify concerning policies and practices from 2007 to present, for ensuring that Sybase's immigration policies and U.S. immigration laws are followed with respect to foreign nationals in the U.S. – including those entering on non-immigrant visas for temporary employment – for Sybase-related business. The designee shall be prepared to testify concerning the policies and practices as applied by or to managers similarly situated to, above, and one rank below Willnerd.

C.     **Government Feedback to Sybase Re Immigration Law**

Willnerd asks that the designee address any communication between the U.S. Government and Sybase concerning compliance with immigration law. Sybase contends that a designation of "any communication" is overly broad, and suggests "comments and assessments" from the U.S. Government to Sybase about Sybase's compliance with

immigration laws during the past 10 years.  The Court agrees that "any communication" is

overly broad, and that a restriction to the past 10 years is reasonable.  The Court will limit

the topic as framed by Sybase.  Other topics relating to government documents are

addressed below, in the section addressing production of documents for the 30(b)(6)

deposition.

**D.      Sybase Policies Regarding Foreign Nationals and the Visa Waiver Program**

Willnerd asks that the designee be able to address Sybase's policies regarding

restrictions on the type of work performed by foreign nationals present at Sybase under

any program from 2007 to the present.  The Court finds this to be an appropriate topic and

will allow it; if no such policies exist, the designee can answer accordingly.

Willnerd asks that the designee be prepared to address Sybase's reliance on the

Visa Waiver Program for performance of employment-related activities by a foreign

national in the U.S. from 2007 to present.  The Court understands that the Visa Waiver

Program allows citizens of specific countries to travel to the United States for tourism or

business for up to 90 days without having to obtain a visa.  In Willnerd's letter of

termination, Sybase supervisor Terry Stepien cited Willnerd's poor judgment in

approving Johannes Alberti to commence work, and approving payment of Alberti's

expenses in coming to work for Sybase, before Alberti could do so legally.  This bears

upon the timing of Alberti commencing work, in relation to his obtaining the right to do

so under an approved L-1 visa.  Given the focus on the timing of Alberti's work, it would

appear that Sybase's policies concerning utilization of a Visa Waiver Program for its employees may bear upon the validity of the reason given for termination. Accordingly, the Court will grant Willnerd's request to question the designee on this topic.

The remaining topics requested by Willnerd mirror the documents he has asked to be produced for the 30(b)(6) deposition, and will be addressed in the next section.

**2.      Production of Documents for 30(b)(6) Deposition**

Willnerd requests a ruling by the Court that directs Sybase to produce the following documents: (1) documents regarding the number of foreign nationals present in the U.S. on non-immigrant visas for work at Sybase, from 2007 to the present; (2) Form I-797s, and Requests for Evidence received by Sybase related to non-immigrant visas allowing foreign nationals to enter the U.S. for temporary employment from 2007 to the present; (3) Notices of Inspections and Form I-9 Audits received by Sybase from 2007 to present; (4) Notices regarding any potential or actual penalties, fines, sanctions or other citations issued by the U.S. Government against Sybase for violations of U.S. immigration law from 2007 to the present; (5) documents regarding Sybase's contention that U.S. immigration law may have been violated on authorization for payment of expenses incurred by Johannes Alberti from December 2007 through January 2008, before he was authorized to work in the U.S.; (6) documents regarding authorization of and approval by the U.S. Government for Johannes Alberti to enter the U.S. to work for Sybase; (7) documents regarding authorization of and approval by the U.S. Government

for Employee A to enter the U.S. to work for Sybase; and (8) the I-94 card and visa stamp

of Johannes Alberti for his entry into the U.S. in December 2007.

### A. Number of Foreign Nationals In U.S. for Sybase

Three of Willnerd's requests for production of documents are substantively

indistinguishable, and seek documents reflecting the number of foreign nationals in the

U.S. Sybase has indicated there are no documents responsive to this request. Sybase

shall provide Willnerd's counsel with an affidavit to this effect, prior to the 30(b)(6)

deposition, which the parties have agreed to reschedule to a mutually agreeable time.

### B. Form I-797s and Requests for Evidence

Willnerd requests form I-797s and Requests for Evidence sent by the U.S.

Government to Sybase regarding non-immigrant visas for foreign nationals to work

temporarily in the U.S. This request relates to Sybase's reason for Willnerd's termination

– that he authorized Alberti to work for Sybase before Alberti could legally work in the

U.S. under an L-1 visa. According to Sybase, I-797s are notices by the U.S. Government

that an individual's application for an L-1 visa has been received or approved. When a

notice of approval is received, the applicant must return to their home country and get an

L-1 visa stamp at an American Embassy there, before they may legally work in the U.S.

The pertinent event, in assessing whether Willnerd did nor did not exercise poor

judgment, is when a foreign national may legally work in the U.S. – not when the

individual's application has been received or approved. It is not clear to the Court that

the timing of notices of approval for L-1 visas is relevant to this issue and is reasonably

calculated to lead to the discovery of admissible evidence. The request is therefore

denied.

Requests for Evidence are notices from the U.S. Citizenship and Immigration

Services (USCIS) that an application for a visa (or other application) is insufficient or

contains suspicious data. Whether or not any employees of Sybase received notices that

their visa applications contained insufficient or suspicious data has no bearing on whether

the reasons for Willnerd's termination were pretext for some other improper basis. The

Court finds that this request is also unlikely to lead to the discovery of admissible

evidence, and will deny the request.

### C. Notices of Inspection, I-9 Audits, and Notices of Sanctions, Fines, or Other Citations

Sybase indicates that it has no documents responsive to Willnerd's request for

notices of inspection, I-9 audits, and actual or potential sanctions, penalties, fines, or

other citations. Sybase shall state as such in an affidavit served on Willnerd's counsel

prior to the 30(b)(6) deposition.

### D. Documents Regarding Sybase's Contention That U.S. Immigration Law May Have Been Violated Re Expenses for Alberti

Willnerd requests "documents regarding or relating to Defendant's contention that

U.S. immigration law may have been violated" regarding payment of expenses incurred

by Alberti. This request is somewhat broad and vague. However, it strikes at the heart of

the proffered reason for Sybase's decision to terminate Willnerd. It, in essence, asks

Sybase to produce any documents which underlie its decision that Willnerd's conduct

may have violated U.S. immigration law and therefore justified termination. In this light,

the request is self-limiting since it calls for Sybase to identify documents which it relied

upon in its decision-making. The Court will allow the request.

Sybase responds that this topic, and any documents responsive to this request were

prepared by attorneys in anticipation of litigation and are protected as attorney work

product, or are privileged under the attorney-client privilege. The Court finds that this

blanket response, without more specificity or provision of any documents, is inadequate.

Sybase shall be required to respond to Willnerd's amended request, in light of this order;

where appropriate, Sybase shall maintain a privilege log of any documents withheld.

These documents shall be provided to the Court for an in camera review to determine the

existence of a privilege or work product protection.

### E. Documentation of Authorization and Approval for Alberti and Employee A[1]

Willnerd requests documentation of authorization and approval by the U.S.

Government for Alberti and Employee A to come to the U.S. to work for Sybase. Sybase

indicates that it has already provided the documents responsive to the request as to

Alberti. Prior to the 30(b)(6) deposition, Sybase shall provide Willnerd's counsel with an

---

[1]The parties have agreed to use this moniker to maintain the privacy of this employee. Both parties are aware of the identity of Employee A.

affidavit indicating that it has previously provided all documents responsive to the request.

Regarding documentation as to Employee A, Sybase objects because the request invades Employee A's right to privacy, is overbroad and not reasonably likely to lead to the discovery of admissible evidence, and would require disclosing confidential attorney-client communications and attorney work product. The Court assumes that Employee A is, in some way, a possible comparator for Alberti, and that the comparison of the two may provide some indication as to whether the stated reason for termination of Willnerd was valid or pretextual. That would seem to establish its relevance and the likelihood that it will lead to the discovery of admissible evidence. The issue of Employee A's privacy can be dealt with by way of a protective order. The issue of privilege and work product can be dealt with by preparation of a privilege log and the submission of questioned documents to the court for in camera review. The Court will allow the request.

### F.  I-94 Card and Visa Stamp for Alberti

Willnerd requests copies of Alberti's I-94 card and visa stamp. Sybase asserts that it has no such copies. Sybase further indicates that it believes the originals of these documents are in the possession of the U.S. Government. Sybase shall provide Willnerd's counsel an affidavit indicating that it does not have documents responsive to this request, prior to the 30(b)(6) deposition.

**ORDER ON DISCOVERY ISSUES - 9**

## G. Documents Previously Provided

Willnerd asks Sybase to identify the Bates Numbers of documents responsive to its requests, where they have already been produced. Sybase asserts that it is not obligated to provide Bates Numbers to Plaintiff's counsel under any rule or other authority. Although provision of Bates Numbers would be a courtesy to counsel, Sybase is correct that such courtesy is not required. The Court will not require it here.

## 3. 360 Reviews of Sybase Employees

Sybase indicated its willingness to stipulate that it will not use Willnerd's 360 review, or any information learned or obtained from the review, as part of its reason for terminating Willnerd. Accordingly, Sybase requests that the Court order that both parties shall not refer to the 360 review, or any information learned from the review, as part of the reason for Willnerd's termination. Sybase asks that the Court deny Willnerd's request for all 360 reviews done of Sybase employees for privacy concerns, and the confidentiality of business information and trade secrets.

Citing to his termination letter among other evidence, Willnerd argues that the record demonstrates that information gathered in his 360 review was, in fact, used as a basis to terminate his employment. Willnerd further argues the evidence reveals that Sybase has changed its rationale for Willnerd's termination, and that such evidence is relevant to show pretext for a discriminatory purpose. Willnerd asserts that, because scores on his 360 review were deemed "unacceptably low" for integrity and reliability, he

is entitled to know what Sybase considers "acceptable" as revealed in other employees' 360 reviews.

The Court agrees that evidence of a change in Sybase's rationale for termination may provide circumstantial evidence of pretext. Although the issues may be further refined in resolving motions for summary judgment, the case in its current posture includes claims that Willnerd's termination was retaliatory and that he had certain rights stemming from his Education Assistance Agreement which required that he only be terminated for cause. Under either a retaliation or wrongful termination claim, evidence of pretext would seem relevant. Even if Sybase stipulates that it did not terminate Willnerd based on information learned in his 360 review, the inclusion of the 360 review as one of the reasons for his termination make the standards applied by Sybase in those reviews relevant and discoverable.

Accordingly, Willnerd's request shall be granted. However, Sybase may substitute aliases for employees' names to maintain their anonymity and privacy.

**4.      Questions for Willnerd Regarding Expenses Charged to Sybase**

Sybase posed a number of questions to Willnerd in his deposition regarding expenses that Willnerd charged to his Sybase credit card. Counsel for Willnerd, in his deposition, directed him not to answer. Sybase asks that the Court direct Willnerd to answer these questions, and two others also pertaining to its after-acquired evidence argument: (1) whether Willnerd was engaged in a romantic relationship with Ms. Owen;

and (2) whether Plaintiff's romantic relationship coincided with the expenses in question.

The Court finds that the questions are appropriate and will direct Willnerd to answer in a continued deposition to be scheduled by agreement of the parties.

**5.      Production of Documents Related to Willnerd's Damages**

Willnerd asks for information concerning additional compensation – in the form of incentive, performance and/or stay-on bonuses – paid to Sybase employees by SAP, a company that recently merged with Sybase.  Sybase indicates that no employee similarly situated to Willnerd received a stay, performance, or incentive bonus as a result of the SAP merger; thus, there are no documents responsive to this request.  Sybase provide Willnerd's counsel with an affidavit to this effect prior to the 30(b)(6) deposition.

## ORDER

**IT IS ORDERED THAT:**

1.      Sybase shall prepare its designee to address the following topics:

   a.      Sybase's immigration policies;

   b.      The identities of Sybase employees disciplined in the last 5 years for failure to comply with Sybase immigration policies or U.S. immigration law; the disciplinary measures taken against those employees, if any;

   c.      Sybase's policies and practices, from 2007 to present, for ensuring that Sybase's immigration policies and U.S. immigration laws are followed with respect to foreign nationals in the U.S. – including those entering on non-

immigrant visas – for Sybase-related business, and as applied by or to

managers similarly situated to, above, and two ranks below Willnerd;

d. Comments and assessments from the U.S. Government to Sybase about

Sybase's compliance with immigration laws during the past 10 years;

e. Sybase's policies regarding restrictions on the type of work performed by

foreign nationals present at Sybase under any program from 2007 to the

present;

f. Sybase's reliance on the Visa Waiver Program for the performance of

employment-related activities by a foreign national in the U.S. from 2007 to

present.

2. Willnerd shall amend its request for documents regarding Sybase's contention that

U.S. immigration law may have been violated, to include restrictions such as

identification or description of authors and recipients of such documents, and a

time-frame when such documents were created.

3. Sybase shall produce the following documents for the 30(b)(6) deposition:

a. Documents responsive to Willnerd's amended request per paragraph 2

(immediately above) of this order; a privilege log of any documents

withheld; Sybase shall provide the withheld documents to the Court for an

*in camera* review;

b. Documentation of authorization and approval by the U.S. Government for

Employee A to come to the U.S. to work for Sybase.

4. Sybase shall produce in discovery, the 360 reviews of other Sybase employees; aliases may be substituted for employee names, to maintain anonymity and privacy.

5. Sybase shall provide an affidavit, prior to the 30(b)(6) deposition, indicating that the following documents have already been provided, or that it possesses no documents responsive to Willnerd's request:

a. The number of foreign nationals working for Sybase in the U.S.;

b. Notices of inspection, I-9 audits, and actual or potential sanctions, penalties, fines, or other citations, from the U.S. Government to Sybase;

c. Documentation of authorization and approval for Alberti to come to the U.S. to work for Sybase;

d. Copies of Alberti's I-94 card and L-1 visa stamp;

e. Documentation of any stay, performance, or incentive bonuses paid to employees similarly situated to Willnerd as a result of Sybase's recent merger with SAP.

6. In a continued deposition to be scheduled on agreement of the parties, Willnerd shall respond to Sybase's questions regarding expenses charged to Sybase's credit card for Michelle Owen.



DATED:  **November 3, 2010**

B. LYNN WINMILL
Chief U.S. District Court Judge