UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILLNERD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SYBASE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:09-cv-500-BLW<br><br>**ORDER ON DISCOVERY<br>FOR DEFAMATION CLAIM** |

Before the Court is a dispute concerning Plaintiff Willnerd's request for discovery of e-mail communications made after Willnerd's termination – Request for Production No. 48. The Court conducted an informal discovery conference with the parties on October 27, 2010. Following an inquiry regarding the potential volume of responses to the request, conducted by Defendant Sybase at the Court's request, the Court ordered an expedited briefing schedule to address remaining disputes concerning discovery for Willnerd's defamation claim. *See Order*, Dkt. 72. Willnerd and Sybase filed simultaneous opening then reply briefs (Dkts. 74, 75, 79, 80), plus attachments, which the Court has reviewed. The Court now issues the following order.

## DISCUSSION

In Willnerd's First Amended Complaint (Dkt. 26), he asserted for the first time, a claim for defamation. The Court recently granted Sybase's Motion to Dismiss the

defamation claim (Dkt. 27), but granted Willnerd's Motion for Leave to Amend the claim (Dkt. 40). *See Order*, Dkt. 71. The Court's decision was premised on its understanding that recently, or soon to be completed discovery had yielded or would soon yield the information needed to provide the detail necessary to allow Willnerd to amend his defamation claim.

1.  **Discovery For Willnerd's Amended Defamation Claim Will Be Limited To Requests Already Made When Willnerd Filed His Request For Leave To Amend the Defamation Claim**

Willnerd has indicated he may seek to conduct further depositions once documents responsive to Request No. 48 have been received and reviewed. *See Pl.'s Reply Statement*, Dkt. 80 at 7-8. The Court now clarifies that, in granting Willnerd leave to amend his defamation claim, the Court did not intend to throw open the doors to begin discovery on the claim anew. To the contrary, the Court believes that the circumstances warrant tight restrictions on the scope of discovery pertaining to the defamation claim.

Under the U.S. Supreme Court decisions in *Twombly* and *Iqbal*, a plaintiff must state a plausible, not merely a probable claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Without referencing *Twombly* or *Iqbal*, the Ninth Circuit has recently affirmed its position that dismissal is improper unless it is clear a complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*). However, *Harris* must be viewed through the lens of *Twombly* and *Iqbal*. A

plaintiff must, at the time he seeks to amend his complaint, be able to state a plausible claim.

In Willnerd's reply in support of motion to amend, filed October 7, 2010, Willnerd references requests for documents regarding his defamation claim, to which Sybase had thus far refused to respond.[1]  *Willnerd Reply*, Dkt. 56 at 2, n. 1.  Willnerd contends – albeit vaguely – that evidence supporting his defamation claim will be revealed in Sybase's responses.  Thus, arguably, but for Sybase's refusal to provide discovery requested when Willnerd filed his motion to amend, Willnerd could have amended his complaint to state a plausible claim for defamation.  The Court was persuaded, though by only the narrowest of margins, that responses to Request No. 48 might support Willnerd's defamation claim so as to survive dismissal.

Before Willnerd will be required to file his amended complaint, the Court will permit discovery on this one request, made before Willnerd filed his motion for leave to amend his defamation claim on August 26, 2010.  Any requests for discovery regarding the defamation claim made after August 26, 2010 will be denied.  Requests conceived after this date bear too tenuous a connection to be allowed.  Such requests would smack of the "ever-shifting target" and "fishing expedition" that defendants legitimately oppose, and which provided the target of the Supreme Court's decisions in *Iqbal* and *Twombly*.

---

[1] In response to Willnerd's request, Sybase did not produce any documents, but objected that the request was overly broad, not reasonably calculated to lead to discovery of admissible evidence, and requested privileged documents.  *Sybase's Statement*, Dkt. 75 at 3.

**ORDER ON DISCOVERY FOR DEFAMATION CLAIM - 3**

Although it appears that Sybase's *pro hac vice* counsel in San Francisco did not receive Willnerd's request until August 2010, due to error by Willnerd's counsel, there is no dispute that Sybase's local counsel received service of the requests, by facsimile transmission, in May 2010. Certainly, Sybase has been aware of Willnerd's request for these documents since Willnerd's motion to amend the complaint was filed. Sybase cannot claim surprise. By refusing to provide even partial responses to the request, Sybase took a calculated risk that it may later be required to respond; had limited discovery been provided and proved fruitless, the Court may have denied, and indeed Willnerd may have withdrawn, the request for leave to amend.

2. **Timing of Discovery**

Sybase argues that discovery should only occur after the claim is properly pleaded. The Court recognizes a certain orderliness to this proposed sequence. However, in order to most efficiently advance the case at this late stage in litigation, the Court finds that allowing discovery prior to the deadline for Willnerd's amended complaint is appropriate. Sybase is not prejudiced, as it will have the opportunity to file a motion to dismiss the complaint, if an amended complaint is filed. By directing discovery to proceed, Willnerd may determine – based on the discovery provided – that he will not file an amended complaint, thus circumventing the need for Sybase to move to dismiss it.

3. **Scope of Responses to Willnerd's Request for Communications Since His Termination**

At issue here, is Willnerd's discovery request for e-mail communications by and to

**ORDER ON DISCOVERY FOR DEFAMATION CLAIM - 4**

Sybase employees since July 18, 2008 (when Willnerd was terminated), that Willnerd asserts will support his defamation claim. Willnerd indicates that his amended defamation claim will allege that defamatory statements were published by Sybase employees to other Sybase employees. *Willnerd Statement*, Dkt. 74 at 5. In its order granting Willnerd leave to amend the defamation claim, the Court noted that evidence of express malice may defeat the common interest privilege, which might otherwise apply to protect Sybase from liability for defamatory statements to and from employees of Sybase. *Order*, Dkt. 71 at 9-10, *citing Barlow v. Int'l Harvester Co.*, 522 P.2d 1102, 1112-13 (Idaho 1974). The Court also noted that, to the extent the alleged defamatory statements constitute the expression of opinion, new allegations in an amended claim could assert that the publishers of defamatory statements falsely implied they were privy to facts unknown to the receivers of the publication. *Id.* at 11, *citing Weimer v. Rankin*, 790 P.2d 347, 352 (Idaho 1990). Accordingly, the Court is willing to permit parameters for a search of Sybase's servers that are reasonably calculated to reveal evidence of express malice by a publisher of defamation. The Court is also willing to allow search parameters reasonably calculated to reveal evidence of a false implication of privileged information by alleged publishers of defamatory statements.

Willnerd identifies 30 Sybase employees whose e-mails he suggests should be searched. Willnerd argues that any of these 30 employees could have been publishers of defamatory e-mail communications with express malice. However, Willnerd has failed to

sufficiently link 29 of these 30 employees to an allegation that they defamed Willnerd with express malice. In prior pleadings, Willnerd identifies Karen Chapin as one he will allege to have published defamatory material. *Willnerd Opp'n*, Dkt. 37 at 5. As to the 29 other Sybase employees identified in Willnerd's position statement, Willnerd's assertions fall short of alleging defamation.

Willnerd asserts that Chen, White-Ivy, Stepien, Chapin, Thiel, Strumpfler, and Glubetich were aware of false reasons for Willnerd's termination. Willnerd asserts that Schmidt, Amador, and Jeide were impacted by a reorganization implemented by Willnerd, and communicated with each other. Willnerd asserts that Krishnapalai, Alberti, Harper, Poole, Whitmarsh, Nelson, and Halsey were impacted by Willnerd's reorganization and worked closely with Schmidt. Willnerd asserts that Moser, Cryder, Dopko, and Orr "maintained a close relationship with Stefanie Thiel." Willnerd asserts that Owen, Veitch, and MacArthur held management positions and were close to Stepien. And finally, Willnerd asserts that Doust, Canaran, Tong, Buckley, Dris, and Ho received an e-mail from White-Ivy in April 2010, indicating that they would be subject to termination if they spoke with Willnerd. *Willnerd Statement*, Dkt. 80 at 5-6.

With the exception of the specific allegation regarding Chapin from a prior brief,[2] Willnerd's assertions fail to demonstrate that a search of the employees' e-mails is reasonably calculated to reveal evidence of defamation – with either express malice or a

---

[2] *See Willnerd Opp'n*, Dkt. 37 at 5.

**ORDER ON DISCOVERY FOR DEFAMATION CLAIM - 6**

false implication of privileged information.  Rather, a search of the employees' e-mails would amount to the proverbial fishing expedition – an exploration of a sea of information with scarcely more than a hope that it will yield evidence to support a plausible claim of defamation.

In employing the proportionality standard of Rule 26(b)(2)(C), as suggested by Willnerd, the Court balances Willnerd's interest in the documents requested, against the not-inconsequential burden of searching for and producing documents.  The Court also considers the specter of discovery and timing restrictions cast by *Twombly* and *Iqbal* over Willnerd's efforts to amend his defamation claim at this late stage of litigation.  The Court finds that the search shall be limited to e-mails to and from Karen Chapin.

With respect to timing, the Court will require that Sybase produce documents from July 18, 2008 – the date of Willnerd's termination – to present.

As to search terms, the Court will require Sybase to use "Mark" or "Willnerd." Sybase notes that as many as 58 other Sybase employees have the name "Mark" in an informal search in November 2010.  Sybase also points out that "Mark" can be a verb or noun, other than a name.  However, the Court finds that, in light of its limitation to e-mails sent by or to Karen Chapin, use of these search terms will not be overly burdensome.

As agreed by Sybase, any documents for which Sybase asserts privilege shall be noted in Sybase's privilege log.  Such documents shall be provided to the Court for an *in camera* review by November 19, 2010.  Those documents, if any, that are reviewed by the

Court and for which the Court finds no applicable privilege, shall be provided to Willnerd. The deadline for Willnerd to file his second amended complaint will be 7 days after his receipt of those documents from the Court.

Willnerd will be required to sit for further deposition to address the defamation claim after a second amended complaint, if any, is filed. Willnerd will also be required to respond with specificity to the interrogatories served on him by Sybase, within 7 days of his receipt of final documents responsive to Request No. 48, including any privileged documents provided following the Court's *in camera* review.

## ORDER

**IT IS ORDERED THAT:**

1. Sybase shall perform a search of its server for e-mails to and from Karen Chapin, from July 18, 2008 to present, using the terms "Mark" or "Willnerd."

2. Documents responsive to this search that Sybase deems to be privileged shall be logged into Sybase's privilege log and provided to the Court for an *in camera* review by November 19, 2010. Any such documents for which the Court finds no applicable privilege will be provided first to Sybase, and 2 days later, absent a motion to suppress from Sybase, to Willnerd. Willnerd will have 7 days from receipt of the documents to file his amended complaint.

3. Documents responsive to Sybase's server search that are not deemed privileged shall be provided to Willnerd by November 19, 2010.

4. Willnerd shall provide answers to Sybase's interrogatories within 7 days of receiving the final documents responsive to Request No. 48 – including those provided following the Court's *in camera* review.

5. Willnerd shall be required to sit for further deposition after a second amended complaint, if any, is filed.

6. Willnerd will not be permitted to request any further discovery concerning the defamation claim.

DATED: **November 16, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge