UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILLNERD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SYBASE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:09-cv-500-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's Motion (Dkt. 101) to Strike Plaintiff's Second Amended Complaint (Dkt. 98). The Court has reviewed the parties' briefing, including Defendant's Sur-Reply and Plaintiff's Sur-Sur-Reply, and will consider the motion without oral argument. For the reasons stated below, the Court will deny Defendant's Motion to Strike, as well as Defendant's requests to depose Plaintiff for five more hours, and for sanctions.

## BACKGROUND

Plaintiff Mark Willnerd filed this suit against his former employer, Defendant Sybase, claiming – among other allegations – wrongful discharge in retaliation for his participation in an investigation concerning Willnerd. Willnerd filed a timely first

amended complaint that added a defamation claim, and later sought leave to file a Second Amended Complaint (SAC). The Court granted leave to amend the defamation claim, in light of recent and pending discovery, but denied leave to add claims concerning breach of an implied in fact contract. *Order*, Dkt. 71. Sybase now moves to strike the SAC as beyond the scope of the Court's order, and requests sanctions for having to bring this motion. Sybase also asks to depose Willnerd for five additional hours.

## ANALYSIS

**1.   Non-Compliance With Civil Rules And Court Orders**

As an initial matter, the Court notes that counsel for both parties have departed from Rules of Civil Procedure and Court Orders, in filing their briefing in this matter. Sybase filed a Supplemental or Sur-Reply (Dkt.105) following an informal notice to the Court that its additional brief was necessary given information just discovered at deposition, and due to the imminence of a decision on its motion.

Before exceeding the scope of pleadings permitted in the Court Rules, parties must generally seek leave of the court. *See* L. Civ. R. 7.1(2). Here, the Court was not presented with, and thus did not grant, a request for leave to file the sur-reply. It is within the courts' discretion whether to consider supplemental briefing, beyond those allowed in the Court Rules. *See Oregon Mut. Ins. Co. v. Seattle Collision Ctr. Inc.*, 2010 WL 4629066 (9th Cir. 2010). Here, the Court chose not to strike Sybase's pleading, but permitted Willnerd to file a sur-sur-reply, limited to five pages. *Order*, Dkt. 106; *cf*

*Dichter-Mad Family Partners, LLP v. U.S.*, 707 F.Supp.2d 1016, 1041 fn. 15 (C.D. Cal. 2010). Willnerd filed his sur-sur-reply by the Court's deadline, but exceeded the page limit by ten pages. *Pl's Sur-Sur-Reply*, Dkt. 109.

On review of the pleadings, and as further discussed below, the Court finds that the supplemental replies add little if anything to the parties' positions. The replies do reveal much, however, about the discord of counsel in this matter. To borrow from a classic American film, "[w]hat we've got here is a failure to communicate." *Cool Hand Luke* (Warner Bros. 1967).

Had counsel engaged in reasoned discussion regarding Sybase's concerns raised during the January 2011 deposition of Mark Willnerd, neither reply would have been necessary. Counsel for Sybase contends that Willnerd raised six new allegations of defamatory statements that should be stricken, and that further support Sybase's motion to strike the SAC. Counsel for Willnerd responds that, both on and off the record at deposition, she assured Sybase's counsel that the bases for Willnerd's defamation claim are the two statements alleged in the SAC and supplemented discovery. *Willnerd Sur-Sur-Reply*, Dkt. 109 at 3. The rest of the supplemental replies largely repeats the parties' arguments in prior pleadings. Although little was gained from the parties' efforts, much has been lost by way of time and expense. To borrow from an even greater classic film: "How did things ever get so far? I don't know. It was so – unfortunate – so unnecessary." *The Godfather* (Paramount 1972).

The breakdown in communication between counsel has reached a point beyond which the Court is able to effectively manage the parties' discovery disputes through its preferred process of informal conferences. The Court will thus require the parties to address any future disputes in this matter through written motions, strictly limited to five pages. Responses must be filed within one week of the motion, and will also be limited to five pages. A reply, if any, will be due two days after the response, and will be limited to two pages. Briefing that exceeds these page limits or deadlines will be disregarded unless prior approval has been obtained – by written motion – and for good cause shown. Where there is an urgent concern needing immediate attention, the parties may first contact the assigned law clerk to discuss how the Court wishes to proceed.

2. **Motion To Strike Second Amended Complaint**

The purpose of a Rule 12(f) motion is to avoid costs arising from litigation of "spurious issues" by eliminating them prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Whether to grant a motion to strike is within the courts' discretion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Here, Sybase moves to strike Willnerd's SAC (Dkt. 98) on grounds that it exceeds the scope of the Court's Order (Dkt. 71) allowing amendment as to a defamation claim.

Sybase asserts, and Willnerd does not dispute, that the defamatory statements alleged in the Second Amended Complaint (SAC) were provided to Willnerd in discovery as early as March 19, 2010. *Sybase Mot.*, Dkt. 101-1 at 7. However, according to

Willnerd, evidence supporting his claim that Karen Chapin made the statements *with express malice* was gathered sometime after the April 26, 2010 deadline to amend the complaint. *Willnerd Resp.*, Dkt. 103 at 9. Willnerd argues that he could not have pleaded claims of Chapin's express malice until after the Court authorized the SAC on October 26, 2010. *Id.*

Sybase correctly observes that the Court's basis for allowing the SAC was that recent or on-going discovery might divulge facts supporting a defamation claim. The Court also agrees with Sybase that Willnerd stretches thin the meaning of "recently," and that new factual allegations in the SAC literally double the prior complaint's size. However, the presence of factual allegations that arguably reach beyond a strict interpretation of the Court's ruling does not by itself support a motion to strike the SAC. Indeed, as noted above, the allegations may be boiled down to two statements made by Karen Chapin. While the SAC includes many other factual allegations, they were added in response to the Court's suggestion that the allegations of defamation in the SAC needed to be specific – which Willnerd understandably took to mean that allegations of malice needed to be stated with particularity. While those additional allegations add some reading time for the Court and counsel, they do not expand the allegations of defamation beyond the two specific statements made by Ms. Chapin.

Cases cited by Sybase are distinguishable here. In one, the court struck a fourth amended complaint that asserted allegations beyond those permitted by the court.

*Provencio v. Vazquez*, 2010 WL 653881 (E.D. Cal. 2010). Due to confusion in the court's orders in that case, plaintiffs had amended to include claims against multiple defendants, believing they were not restricted by a prior court order, to claims only against one particular defendant. *Id.* at *1. The court in *Provencio* permitted plaintiffs to file a fifth amended complaint, and clarified the limitations to which plaintiffs were bound. *Id.* at *2. Here, Willnerd asserts that his new factual allegations in the SAC support the defamation claim. In contrast to plaintiffs in *Provencio*, Willnerd does not contend that allegations in the SAC were due to confusion.

In another case, the court granted plaintiffs leave to amend for the sole purpose of naming a defendant. *Carbajal v. Dorn*, 2010 WL 487433 (D. Ariz. 2010). Plaintiffs' amended complaint included a new claim, "significantly revise[d] other claims," and added several allegations against already named defendants. *Id.* at *1. In granting the motion to strike, the court in *Carbajal* struck the new claims and other allegations not part of the original complaint, but allowed ten paragraphs in the amended complaint to remain. *Id.* at *2. Here, Sybase asks the Court to strike Willnerd's entire SAC, despite Willnerd's contention that his new factual allegations simply support the existing defamation claim. The Court finds that *Carbajal* does not support striking the SAC in its entirety here; nor does the Court agree with Sybase that such result is appropriate. Also, given the litigious postures taken by the parties thus far, the Court doubts that an attempt to parse out specific allegations that are beyond the scope of its order would achieve the cost-limiting

goals of Rule 12(f).

In light of these findings, the Court will deny Sybase's motion to strike.

### 3. Request For More Hours To Depose Willnerd

Alternatively, Sybase requests permission to depose Willnerd for five additional hours. Sybase initially made this request in December 2010. On January 6, 2011, Sybase deposed Willnerd for 6 or 7 hours; Sybase was able to address the defamation claim, in addition to issues concerning allegations of improper credit card expenditures. *Sybase Sur-Reply*, Dkt. 105 at 7. In its sur-reply, Sybase maintained its request for further deposition of Willnerd, asserting that responses from Willnerd late in the deposition require more time for follow-up. *Sybase Sur-Reply*, Dkt. 105 at 7. Sybase describes having been blindsided by Willnerd's deposition testimony, in light of his prior deposition testimony, or what was missing from that testimony. The Court is unconvinced that the circumstances here necessitate more time to depose Willnerd.

The purpose of depositions is to elicit information – whether expected or unexpected. Managing the time allotted for discovery, and deciding how to use the information gleaned is a fundamental part of trial litigation. Discovery is structured, both by the civil rules and the Court's case management orders, to ensure progress toward trial or other resolution, and to encourage efficiency of both time and cost. The Court must allow more time for deposition "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

Fed. R. Civ. P. 30(d)(1). Based on the evidence before it, the Court does not find that more time is needed to fairly examine Willnerd, nor that Willnerd's examination was impeded or delayed. The request for more hours will therefore be denied.

4.     **Request For Sanctions**

The civil rules permit the Court to award sanctions where a party or attorney fails to obey the Court's scheduling order. Fed. R. Civ. P. 16(f)(1)(C). Sybase contends that Willnerd violated Rule 16 by adding extensive factual allegations after the court-ordered deadline to amend his complaint. Although the Court permitted an amended complaint after the deadline, it limited such amendment to a claim for defamation. According to Sybase, Willnerd added at least 50 paragraphs of allegations unrelated to the defamation claim. *Sybase Mot.*, Dkt. 101-1 at 4. Sybase characterizes Willnerd's actions as conduct in bad faith, warranting exercise of the Court's inherent authority to award fees under *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)(noting the courts' "power to punish for contempts").

The Court finds that circumstances here do not warrant sanctions. Willnerd has asserted an arguable basis that the factual allegations newly raised in the SAC are within the scope of the Court's orders, as they provide bases for finding "express malice" – part of Willnerd's defamation claim. The Court presumes the parties are acting in good faith. Sybase has not demonstrated evidence to the contrary. The request for sanctions will therefore be denied.

# ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion (Dkt. 101) to Strike the Second Amended Complaint (Dkt. 98) is **DENIED**.

2. Defendant's Motion for More Time to Depose Mark Willnerd (in Dkt. 101) is **DENIED**.

3. Defendant's Motion for Sanctions (in Dkt. 101) is **DENIED.**

4. As previously ordered by the Court (Dkt. 107), the deadline for dispositive motions shall be two weeks from the date of this order.

DATED: **February 10, 2011**

B. LYNN WINMILL
Chief U.S. District Court Judge