UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILLNERD,<br><br>             Plaintiff / Counterclaimant,<br>   v.<br><br>SYBASE, INC.,<br><br>             Defendant / Counterdefendant. | Case No. 1:09-cv-00500-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion for Attorneys' Fees (Dkt. 145) by Defendant / Counterclaimant Sybase, Inc. Also pending is Plaintiff Willnerd's Objection (Dkt. 150) to Sybase's Bill of Costs (Dkt. 144). The matters are fully briefed and at issue. The Court has determined that oral argument would not significantly assist the decisional process and will therefore consider the matters without a hearing. Being familiar with the record and having considered the parties' briefing, the Court will grant the Motion (Dkt. 145) in part and deny in part, and order further briefing concerning the Bill of Costs (Dkt. 144), as more fully expressed below.

## BACKGROUND

Plaintiff Mark Willnerd sued his former employer, Defendant Sybase, Inc., alleging wrongful discharge, retaliation, breaches of contract and the covenant of good

faith and fair dealing, and defamation. *Sec. Am. Compl.*, Dkt. 98. In its initial Answer, Sybase filed a counterclaim for breach of contract. *Answer & Ctrclm.*, Dkt. 9. The parties engaged in extensive discovery, and multiple, contentious discovery disputes. Although the Court attempted to mediate the disputes to avoid the costs and delays involved with formal motions, these attempts were largely unsuccessful.

The parties filed competing motions for summary judgment, and presented oral argument on May 2, 2011. Upon thorough review of the record and arguments of counsel, the Court granted summary judgment to Sybase. *Mem. Dec. & Ord.*, Dkt. 137. Defendant now moves for attorney fees (Dkt. 145).

## LEGAL STANDARD

The issue of attorney fees in diversity actions is governed by the law of the applicable state. *Interform Co. v. Mitchell*, 575 F.2d 1270 (9th Cir. 1978). Jurisdiction here is based in part on diversity of citizenship under 28 U.S.C. § 1332. *Sec. Am. Compl.*, Dkt. 98 ¶ 3. Sybase seeks attorney fees under Idaho Code §§ 12-120(3) and 12-121. Under either provision, Sybase must demonstrate that it prevailed. I.C. §§ 12-120(3), 12-121. Sybase must also show that its requested fees are reasonable. *Id.*

1. **Prevailing Party**

To determine which party prevailed on each issue or claim, the courts in Idaho look to (1) the final result or judgment with respect to relief sought, (2) whether there were multiple claims or issues, and (3) the extent to which the parties prevailed on each issue or claim. *Wheaton Equip. Co. v. Franmar, Inc.*, 2007 WL 576450 at *1 (D. Idaho

2007) citing *Sanders v. Lankford*, 1 P.3d 823, 826 (Idaho Ct. App. 2000). Here there is no question that Sybase was the over-all prevailing party on the claims for which the parties sought relief. *See Mem. Dec. & Ord.*, Dkt. 137. At issue is the extent to which Sybase prevailed on each of the issues, and whether its success on any given claim entitled it to attorney fees by statute or otherwise.

## 2.      Idaho's Mandatory Fee Statute

Under Idaho's mandatory attorney fee statute, the prevailing party in an action to recover on a contract relating to services or in any "commercial transaction . . . shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." I.C. § 12-120(3). Whether this provision applies is determined by examining the gravamen of the claim on which relief was sought. *Lettunich v. Key Bank Nat'l Ass'n*, 109 P.3d 1104, 1110-11 (Idaho 2005); *Thomas v. Med. Ctr. Physicians, P.A.*, 61 P.3d 557, 568 (Idaho 2002) (because employment relationship is contractual, mandatory attorney fee statute applies to claim for wrongful termination in violation of public policy).

Where a claim is based in contract, it is explicitly subject to the mandatory attorney fee statute. *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 391 (Idaho 2005). Tort claims arising in the same "commercial context" as a contractual claim also fall within Idaho's mandatory attorney fees statute, I.C. § 12-120(3). *Lettunich*, 109 P.3d at 1110-11. However, Idaho's mandatory fee statute does not apply where the substance of a claim on which the moving party prevailed sounds in tort. *Northwest Bec-Corp. v.*

*Home Living Serv.*, 41 P.3d 263, 270 (Idaho 2002). Nor does it apply where a claim's essence is a statutory violation. *Atwood v. Western Const., Inc.*, 923 P.2d 479, 486 (Idaho Ct. App. 1996).

### A.  Claims Regarding Education Assistance Agreement

Here, the only claims explicitly based in contract were the parties' respective claims regarding the Education Assistance Agreement. On these claims, the Court found in favor of Sybase and against Willnerd. As prevailing party, Sybase is entitled to reasonable attorney fees incurred in defending and pursuing the breach of Education Assistance Agreement claims.

### B.  Wrongful Discharge and Violation of the Implied Covenant of Good Faith and Fair Dealing Claims

Less explicit, but still grounded in contract, are Willnerd's claims for wrongful discharge and breach of the implied covenant of good faith and fair dealing. In opposing Sybase's requested attorney fees, Willnerd contends that the Court did not permit him to pursue these claims in contract; thus, the claims cannot be deemed as contractual in nature. This conclusion misconstrues the Court's decision.

Willnerd is correct that this Court rejected his argument, in support of the wrongful discharge claim, that his employment was converted from at-will to for-cause. *Mem. Dec. & Ord.*, Dkt. 137 at 6-7. The Court also found that Willnerd's argument regarding the implied covenant was an effort to avoid the legal consequences of his at-will employment status. *Id.* at 8. But the fact that Willnerd's employment was at-will rather than for-cause does not imply that the relationship was not contractual; it simply

means that Sybase could terminate the contract at any time, without a prescribed basis. At the foundation of the implied covenant is a requirement that parties perform in good faith, those obligations existing under a negotiated contract.  *Cantwell v. City of Boise,* 191 P.3d 205, 213 (Idaho 2008).

Thus, Willnerd cannot use the Court's finding that he was employed at-will to avoid mandatory attorney fees under § 12-120(3).  Sybase prevailed on the claims of wrongful discharge and violation of the covenant of good faith and fair dealing.  Because those claims are contractual in nature, Sybase is entitled to fees under § 12-120(3).

As to Willnerd's claims for retaliation and defamation, the Court finds that they are rooted in Willnerd's employment, but not in contract or a commercial transaction. The Court therefore looks to the applicable discretionary attorney fee provisions.

### 3.    Discretionary Fees:  Where Action Is Frivolous And Unreasonable

The courts in Idaho may award reasonable attorney fees to a prevailing party, so long as it does not alter, amend, or repeal any statute otherwise providing for the award of fees.  I.C. § 12-121.  A discretionary award of fees under this section is appropriate where the court finds the action was frivolous, unreasonable, or without basis.  *BHA Invs., Inc. v. State*, 138 Idaho 348, 355 (2003).

#### A.    Retaliation Claims

Federal law also provides for reasonable attorney fees, at the court's discretion, to the prevailing party in an action brought under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5(k); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 420-22

(1978). In exercising its discretion, the court assesses whether the plaintiff's action was "unreasonable, frivolous, meritless or vexatious," or clearly became so, but plaintiff continued to litigate. *Christiansburg Garment Co.*, 434 U.S. at 421-22. For this assessment, the court considers whether plaintiff's position was without foundation or hope of success, or brought "to embarrass or annoy the defendant." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003) (citation omitted).

Here, the Court found that Willnerd's retaliation claims failed under Ninth Circuit precedent holding that the participation clause did not encompass internal investigations. *Mem. Dec. & Ord.*, Dkt. 137 at 12-14. The Court also noted Willnerd's acknowledgment that there was no existing legal basis for his position, and that Willnerd's position was unsupported by any apparent policy considerations. *Id.* at 14. The Idaho Human Rights Commission (IHRC) similarly concluded, in light of controlling precedent, that Willnerd did not engage in protected activity, and thus failed to establish a prima facie case of retaliation. *IHRC Dec.*, Ex. C to *Durgan Dec.*, Dkt. 145-9.

However, Willnerd maintains that the reach of Title VII's participation clause is in flux, given the Supreme Court's ruling – addressing the opposition clause – in *Crawford v. Metropolitan Gov't of Nashville*, 555 U.S. 271 (2009). As this Court discussed in rejecting Willnerd's argument, the very basis for the supposed broadening in *Crawford* was the character of the protected activity. In *Crawford*, the plaintiff's activity was opposition; here, Willnerd's activity was participation. The factual distinction between *Crawford* and this case makes *Crawford* inapplicable.

**MEMORANDUM DECISION AND ORDER - 6**

Despite the Court's ultimate conclusion that Willnerd's arguments failed, the Court does not find that they rose to the level of being unreasonable or frivolous.  That Willnerd's retaliation claims were legally unsupported under Ninth Circuit law does not necessarily support an award of fees.  Because his proposed broadening of Ninth Circuit law arguably presented some hope of success, the Court will exercise its discretion to deny fees on the federal retaliation claim.  Willnerd correctly notes that attorney fees are unavailable to a prevailing party on a claim under the IHRA, in light of the Idaho Supreme Court's holding in *Stout v. Key Training Corp.*, 158 P.3d 971, 974 (Idaho 2007).  Thus, as to Willnerd's state retaliation claim, the Court will also deny attorney fees.

### B.     Defamation

Regarding Willnerd's defamation claim, Willnerd failed to adequately allege a false statement of fact, or implication of privileged information.  *Mem. Dec. & Ord.* at 28-29.  Willnerd cited a single allegedly defamatory statement – which the Court deemed to be opinion.  *Sec. Am. Compl.*, Dkt. 98 at 25-26.  Willnerd also implied, without specificity, that there were others.  As this Court previously noted, when a plaintiff seeks to add a claim in an amended complaint – as here with Willnerd's defamation claim – he must be able to state a plausible claim.  *Order*, Dkt. 89 (referencing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)).  After extensive discovery, including multiple depositions and broad electronic discovery of Sybase's e-mail server, and also permission to amend late in litigation, Willnerd's Second Amended Complaint raised only vague and conclusory allegations of defamation.

The purpose of discovery is to seek evidence to support claims for which plausibility pre-exists. Where a claim lacks any foundation, it is implausible, and likewise, hope for its success is not reasonably present. That Willnerd hoped to stumble upon evidence of a defamatory statement was an insufficient basis for a defamation claim. Given the circumstances, the Court finds that the claim was frivolous, without merit, and without hope for success, from its introduction in the First Amended Complaint, to its ultimate dismissal. As to this claim, the Court will award Sybase attorney fees.

**4.     Reasonableness of Fees**

The Court must next determine the reasonableness of Sybase's requested fees. For this, the Court considers the hours reasonably spent on the litigation, and multiplies it by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this calculation is the "lodestar" amount. *Id.*

**A.     Attorney And Paralegal Rates**

Based on the affidavits of counsel, the Court finds the requested attorney fee rates appropriate for the Boise area, and will approve their use. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995); *Mot.*, Dkt. 145-1 at 21-22; *Squyres Dec.*, Dkt. 145-4; *Curiale Dec.*, Dkt. 145-2; *Reid Dec.*, Dkt. 145-3; *Durgan Dec.*, Dkt. 145-5.

**B.     Attorney and Paralegal Hours**

The Court has also reviewed the spreadsheet of hours and professional services rendered. Sybase seeks fees for the work of four attorneys and two paralegals. Sybase is not seeking fees for work of local counsel, or any attorneys who provided time and services but were not regularly assigned to the matter, and who billed less than 40 hours to the case in total. *Durgan Dec.* ¶ 10, Dkt. 145-5. In addition, Sybase reduced its hours by 40% in a good faith effort to account for "perceived inefficiencies or duplication in the work performed" and to account for Willnerd's limited financial condition. *Id.* ¶ 14.

Despite these reductions, Willnerd notes that his attorneys' fees total roughly half those of Sybase. *Resp.*, Dkt. 149 at 19; *Dempsey Dec.*, Dkt. 149-1 at ¶ 6 (attorney and paralegal time spent on behalf of Willnerd totaled 1,849.35 hours, compared to 3,882.43 spent on behalf of Sybase). Willnerd argues that Sybase's total hours should be reduced by an additional 50%.

Counsel for Sybase asserts that, in their experience, they expended far more hours than in any similar case involving a single plaintiff, and that this was due to the "scorched earth" approach taken by Willnerd in pursuit of his claims. *Mot.*, Dkt. 145-1 at 19. Sybase contends that the hours requested here are reasonable given the circumstances which it confronted, i.e., the extent of discovery and discovery disputes.

Counsel for both parties pursued representation of their clients zealously. Counsel's aggressiveness in this matter is reflected in the Court's docket entry orders from attempts to informally mediate discovery disputes, as well as the Court's memorandum decisions. With increased legal jousting comes the price of attorney fees to

**MEMORANDUM DECISION AND ORDER - 9**

the prevailing party. Having reviewed Sybase's spreadsheet of hours and services rendered (less those hours related to Willnerd's retaliation claims) the Court finds them reasonable. Willnerd makes no claim that any particular services or hours are unreasonable. Absent a specific showing that claimed hours or services were inappropriate or unreasonable, the Court finds that a 50% – or other percentage – reduction of the claimed total hours is unwarranted. Accordingly, the Court will not adopt Willnerd's proposed reduction, based on counsel's total comparative hours.

Willnerd asserts that a further reduction is appropriate, given Willnerd's dire financial straits. *Resp.* at 19. In support, Willnerd cites to a number of cases in which reductions were applied based on respondents' financial circumstances. *Id*. (citing *Sullivan v. Sullivan*, 2010 WL 1651994 (D. Idaho April 21, 2010); *Rydder v. Rydder*, 49 F.3d 369 (8th Cir. 1995); *Berendsen v. Nichols*, 938 F.Supp. 737 (D. Kan. 1996)). However, Willnerd makes no showing why a reduction beyond that already taken by Sybase, is necessary given his financial circumstances. Thus, the Court will not apply this proposed reduction.

Willnerd suggests that Sybase's ability to pay its own way is a factor that should be considered on Sybase's motion for fees. *Resp.* at 19-20. However, the Ninth Circuit case cited by Willnerd, *Silver v. KCA, Inc.,* 586 F.2d 138, 143 (9th Cir. 1978), only referenced a prior Circuit decision in which it had noted that a litigant's ability to pay its own attorney fees does not necessarily bar an award of fees. *Id.* (citing *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131 (9th Cir. 1974)). Moreover, in that case, the Circuit

considered the prevailing defendant's ability to pay along with other factors, including whether plaintiff's Title VII action was in good faith. *Silver*, 586 F.2d at 143. There, following a bench trial, the trial court concluded that the plaintiff had brought the action in good faith. Here, although the Court does not find that Willnerd acted in bad faith, it concludes that the facts and procedural circumstances are distinguishable from *Silver*. The Court declines to find, as the court did in *Silver*, that defendant should bear its own fees. The Court will approve Sybase's proposed hours – less those related to Willnerd's retaliation claims – as well.

According to Sybase, fees incurred in defending against the retaliation claims totaled $17,157. *Durgan Dec.*, Dkt. 145-5 at 6-7. The total fees incurred by Sybase was $686,405.50. *Mem. in Support of Mot.*, Dkt. 145-1 at 23. The Court will therefore approve an award of attorney fees to Sybase in the amount of $669,248.50.

**5.      Bill of Costs**

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Assoc. of Mexican-Amer. Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000). A losing party bears the burden of demonstrating why costs should not be awarded. *Stanley v. Univ. of S. Calif.*, 178 F.3d 1069. 1079 (9th Cir. 1999) (citation omitted).

The Ninth Circuit has found an abuse of discretion where a district court, in imposing costs, failed to consider the fact of plaintiff's unemployment as "persuasive

evidence of the possibility [the plaintiff] would be rendered indigent should she be forced to pay $46,710.97 – the total amount that the district court awarded against her." *Id.* at 1080.  Also, the trial court in that case failed to consider the chilling effect on future civil rights litigants, of such a high cost to pursue their actions. *Id.* at 1079.

Applied here, the Court finds it appropriate to reduce costs awarded against Willnerd, to the extent that they are attributable to Willnerd's claim under Title VII. Where costs for Willnerd's remaining claims are distinguishable, a reduction in consideration of the potential chilling effect on civil rights claims is not warranted.

Willnerd challenges as unnecessary the following specific expenses:  $800 for Sybase's pro hac vice fees for four out-of-state attorneys; $3,733 for videotaping depositions of Willnerd; $3,458.31 for expedited and duplicative transcript of videotaped deposition; $7,905.91 for paper and electronic copies of transcripts from depositions of Willnerd and Juli Ann Reynolds; $3,318.18 to scan and convert documents to electronic format for counsel's convenience; other charges for organizing and sorting documents for counsel's convenience. *Objection*, Dkt. 150.

Court fees, such as those for pro hac vice appearances, are allowable under Local Rule 54.1(c)(1) and 28 U.S.C. § 1920(1).  Accordingly, these costs incurred by Sybase will be allowed.  Local Rule 54.1(c)(3) provides that a prevailing party is entitled to the cost of video-taped depositions, plus one copy.  Thus, the Court will allow Sybase's costs for videotaping depositions.   The Court agrees that Willnerd should not be charged for the costs of expediting transcripts, for those copies beyond the one transcript of

depositions allowed in the rules, or for charges to organize and sort documents for the convenience of counsel.  However, it is difficult to extract these costs from the documentation provided by Sybase.

Sybase shall be ordered to submit an Amended Bill of Costs in keeping with this order that:  identifies those costs reasonably attributable to Willnerd's federal and state retaliation claims; omits duplicative transcripts from depositions beyond the original and one copy allowed under the rules; omits costs incurred for expediting services, organizing or sorting documents for the convenience of counsel.  Willnerd will have 3 weeks to submit objections to the amended Bill of Costs not already addressed in his initial objections (Dkt. 150).  The Court will issue its final determination on consideration of the parties' submissions.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion for Attorney Fees (Dkt. 154) is GRANTED in part, DENIED in part.  Defendant shall be awarded fees at its proposed rate for its proposed hours, less those hours spent in defending against Plaintiff's federal and state retaliation claims.  Defendant shall therefore be awarded $669,248.50 in attorney fees.

2. Defendant shall submit an Amended Bill of Costs, consistent with the Court's analysis above:  identifying costs attributable to Willnerd's retaliation claims; identifying and omitting costs for deposition transcripts exceeding the original and one copy; and identifying and omitting costs incurred for expediting services, organizing or

sorting documents for counsel's convenience.  This Amended Bill of Costs shall be due 3 weeks from the date of this order.

      3.     Plaintiff's Objections shall be due 3 weeks from receipt of the Amended Bill of Costs and shall include only those objections not already identified in Plaintiff's Initial Objecitons (Dkt. 150).  The Court's final determination as to costs shall be determined thereafter, on consideration of the parties' pleadings.



DATED: January 20, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court