UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILLNERD,<br><br>    Plaintiff / Counterclaimant,<br>v.<br><br>SYBASE, INC.,<br><br>    Defendant / Counterdefendant. | Case No. 1:09-cv-00500-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's Amended Bill of Costs (Dkt. 159), and Plaintiff's Objections and attachments thereto (Dkt. 162). Having considered the parties' pleadings and being familiar with the record, the Court now enters the following Order adopting Defendant's Amended Bill of Costs, for reasons expressed below.

## DISCUSSION

In its Memorandum Decision and Order (Dkt. 158) awarding attorney fees, the Court directed Defendant to submit an amended bill of costs. Specifically, the Court ordered Defendant to identify the costs "reasonably attributable to Willnerd's federal and state retaliation claims," finding it appropriate to reduce the cost award in consideration of the chilling effect on future civil rights litigants, discussed in *Stanley v. Univ. of S.*

MEMORANDUM DECISION AND ORDER - 1

*Calif.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  *Mem. Dec. & Ord.*, Dkt. 158 at 12.  Also, the Court ordered Defendant to omit duplicative deposition transcripts, costs incurred for expediting services, and costs of organizing or sorting documents for the convenience of counsel.  *Id.* at 13.  Plaintiff has no objection to the amounts identified and removed as disallowed per the Court's order.  *Pl. Response*, Dkt. 162 at 3.  Accordingly, the Court will adopt Defendant's Amended Bill of Costs as to those requested changes.

The remaining issue concerns a reduction in the cost award in consideration of the chilling effect on future civil rights claims.  Defendant argues that it is impossible to isolate costs incurred in relation to Plaintiff's statutory retaliation claims from other costs.  *Def. Mem.*, Dkt. 159-1 at 6, 8, 10.  According to Defendant, its costs cannot be "reasonably attributable" to Plaintiff's retaliation claims, as opposed to Plaintiff's other claims.  Also, the same costs would have been incurred whether or not Plaintiff had pursued retaliation claims.  Thus, Defendant argues, no reduction should be taken for costs incurred in defending against retaliation claims.  At most, Defendant suggests that the Court employ a pro-rata reduction.  *Def. Mem.*, Dkt. 159-1 at 11.

Plaintiff notes that the Ninth Circuit has approved apportionment of fees and costs where such costs would otherwise "be impossible to determine with mathematical precision."  *Lahiri v. Universal Music and Video Distr. Corp.*, 606 F.3d 1216, 1220-21 (9th Cir. 2010).  The Court recognizes the futility of trying to distinguish costs arising from Plaintiff's retaliation claims, from Plaintiff's other claims.  However, the Court also finds, in keeping with Ninth Circuit law, that apportionment would be a suitable, in

keeping with the *Stanley* court's concern regarding a chilling effect on civil rights actions, and given the facts of this case. The Court next considers what percentage to apply.

Defendant suggests that the ratio of Plaintiff's statutory claims to total claims is 4 to 10, thus a 40% reduction is appropriate. Plaintiff counters that he has consistently identified eight total claims, five of which are statutory. *Pl. Response*, Dkt. 162 at 4. The Court having examine the Second Amended Complaint (Dkt. 98) and being familiar with the record and files of this case, agrees with Defendant that there were ten distinct claims, four of which were statutory retaliation claims:

1. Retaliation under 42 U.S.C. § 2000e et seq.
2. Discrimination for opposing a lawful practice under I.C. 67-5901, et seq.
3. Discrimination for participating in an investigation under I.C. 67-5901, et seq.
4. Retaliation for lawful opposition or participation in an investigation under I.C. 67-5901, et seq.
5. Wrongful discharge
6. Breach of the covenant of good faith and fair dealing
7. Breach of the Education Assistance Agreement
8. Declaratory relief that Defendant has no right to recover funds under the Education Assistance Agreement
9. Declaratory judgment that the participation clause extends to an employer's internal investigation regarding activities made unlawful by 42 U.S.C. § 2000e-3, et seq.
10. Defamation

*See Sec. Am. Compl.*, Dkt. 98.

Accordingly, the Court will reduce the total costs by 40%, resulting in a cost bill of $23,478.25.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

IT IS ORDERED THAT:

1. Defendant's Amended Bill of Costs (Dkt. 159) is GRANTED in part, DENIED in part.

2. Itemized costs in the Amended Bill of Costs (Dkt. 159) are ADOPTED.

3. Per the above Memorandum Decision, Defendant's total costs are reduced by 40%, for a total cost bill of $23,478.25.

DATED: April 23, 2012

B. Lynn Winmill
Chief Judge
United States District Court